UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENJAMIN GORTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-01141-RLY-DLP |
| TROY SUNIER, in his individual capacity, | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on the Plaintiff's Motion to Amend Complaint (Dkt. 57), wherein the Plaintiff seeks leave to add the Defendant in his official capacity to the complaint, which currently only names Defendant Troy Sunier in his individual capacity. The Motion was referred to the Undersigned for ruling and, for the reasons set forth below, is hereby **DENIED**.

## Legal Standard

Here, the Plaintiff has filed for leave to amend his complaint under Federal Rule of Civil Procedure Rule 15(a)(2). Federal Rule of Civil Procedure 15(a)(2) governs that leave to amend "shall be freely given when justice so requires." Plaintiff's request, however, effectively seeks relief from the Court's scheduling order. Thus, this request is also governed by Federal Rule of Civil Procedure 16(b)(4), which states that a "schedule may be modified only for good cause and with the judge's consent." A good cause determination "primarily considers the diligence

of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

## Discussion

Here, the Case Management Plan set a deadline of September 5, 2017 for amending all pleadings. (Dkt. 17). Almost one year later, on August 21, 2018, Gorton filed his motion to amend the complaint. (Dkt. 57). "District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008). In his motion, Gorton admits that there has been delay, but appears to argue that because none of the other listed reasons are present this late motion is justified. Regardless of whether the other reasons are present, the Plaintiff fails to refute the Defendant's contention that this motion to amend arises only after undue delay, nor does he offer any explanation at all for such a delay.

Instead, Gorton maintains that the Defendant would not be prejudiced by this amendment. This assertion, however, is undermined by Gorton's own admission that the Defendant would need to resubmit his motion for summary judgment, if the Court were to grant this motion to amend. (Dkt. 57 at 4).

All the relevant information necessary to justify the Plaintiff's proposed amendment has been available since before the filing of the Complaint. It appears here that Gorton's main motivation for belatedly seeking leave to amend is a desire to avoid the effect of summary judgment, a reason which undoubtedly does not

constitute good cause. *Kleinhans v. Lisle Sav. Profit Sharing Trust,* 810 F.2d 618, 625-27 (7th Cir. 1987). Therefore, Gorton has failed to show good cause for waiting almost one year after the deadline to seek leave to amend his complaint.[1]

So ORDERED.

Date: 11/5/2018

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[1] Sunier also argues that the amendment is futile, citing *Will v. Mich. Dept. of State Police,* 491 U.S. 58 (1989), *Lett v. Magnant,* 965 F.2d 251, 255 (7th Cir. 1992), and *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir. 1986). The Court does not address this argument because Henley fails to show good cause for his delay in seeking this amendment.